IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 09-40051-GPM |
| ) | |
| SCOTT L. RENDELMAN, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant Scott L. Rendelman–currently confined in the United States Penitentiary in Marion, Illinois upon conviction in the United States District Court, District of Maryland for six counts of mailing threatening communications–was found guilty by a jury of criminal contempt of Court, three counts of retaliating against federal officers (Assistant United States Attorneys and a United States District Judge), and two counts of threats against the President of the United States.[1] The jury verdict was entered on April 13, 2011, and on November 17, 2011 Mr. Rendleman was sentenced by United States District Judge J. Phil Gilbert to 96 months further custody in the Federal Bureau of Prisons (Docs. 45, 146, 147). On November 18, 2011, Mr. Rendelman filed a notice of appeal of the Judgment with the Seventh Circuit (Doc. 149). Then, on November 28, 2011, Mr. Rendelman filed the motions now before the Court: motion for a new trial pursuant to Rule 33;

---

[1] The Court notes that these criminal proceedings have not abated Mr. Rendelman's predilection for mailing obscene and threatening letters to United States District Judges or the President. *See* Docs. 161, 162, 163.

motion for hearing on the motion for new trial; and motion for copies (Docs. 155, 156, 157). The Court has considered Mr. Rendelman's motions and all three will be **DENIED**.

Rule 33 of the Federal Rules of Criminal Procedure allows the Court to vacate judgment and grant a new trial "if the interest of justice so requires." FED.R.CRIM.P. 33(a). Newly discovered evidence may provide grounds for a successful Rule 33 motion. FED.R.CRIM.P. 33(a)(1). "To obtain a new trial based on newly discovered evidence, [the defendant] must show that the evidence (1) was discovered after trial; (2) could not have been discovered sooner with due diligence; (3) was material and not simply impeaching or cumulative; and (4) if presented at a new trial would probably result in acquittal." *United States v. Reyes,* 542 F.3d 588, 595 (7th Cir. 2008), *quoting United States v. Palivos,* 486 F.3d 250, 255 (7th Cir. 2007). In his Rule 33 motion, Mr. Rendelman argues that Dr. Kevin Miller's opinion on "diminished capacity," presented at the sentencing hearing, is new evidence mandating a new trial (Doc. 155). Dr. Miller evaluated Mr. Rendelman after the original indictment was returned in this case, and his report indicated that Mr. Rendelman did not meet the criteria for any named disorder (Doc. 72). On March 11, 2011, Mr. Rendelman moved for a re-examination by Dr. Miller in the apparent hope to mount a "diminished capacity" defense (Doc. 61). This request came after he had undergone an additional psychiatric evaluation by Dr. Christinia Pietz. Dr. Pietz also found that Mr. Rendelman suffered no mental disease and was competent to stand trial. The Court had fully considered Mr. Rendelman's competency at a February 24, 2011 hearing, where it found Mr. Rendelman competent (Doc. 49). After being fully briefed on the motion, Judge Gilbert entered a considered and comprehensive Memorandum and Order denying Mr. Rendelman's motion for a re-evaluation by Dr. Miller (Doc. 72).

Before trial, the Government filed a motion in limine asking the Court to prohibit Mr.

Rendelman (who was representing himself at trial, with stand-by counsel) from attempting to introduce evidence of diminished capacity (Doc. 77). In response, the Defendant somewhat confusingly stated that the Government had it wrong–he was not "claiming he [wa]s incapable of forming the criminal intent required under the statutes with which he [wa]s charged[2]," but was instead asking the jury to decide whether he actually "possessed those [requisite] mental states during the acts charged" (Doc. 84). After trial, Defendant again moved for an additional examination, this time arguing that a doctor should specifically opine on the issue of diminished capacity in order for Defendant to ask the Court for a U.S.S.G. § 5K2.13 downward departure at sentencing (Doc. 95). Citing Mr. Rendelman's testimony at trial and the previous psychological evaluations, the Court denied this motion in a thorough Memorandum and Order (Doc. 107). Mr. Rendelman did call Dr. Miller to testify at the sentencing hearing, and the Court allowed Mr. Rendelman to elicit testimony on diminished capacity (Doc. 146). The Court sentenced Mr. Rendalman below the guideline range, citing 5K2.13, diminished capacity, as one of the reasons for downward departure (Doc. 148)

The Defendant's attempt to differentiate between his admitted capacity, generally, and his capacity at the time he committed these crimes fails: his arguments were considered and ruled on by the Court both before and after his trial. A jury found that he possessed the requisite intent to commit the crimes of which he was convicted. Judge Gilbert considered Dr. Miller's evidence at the sentencing hearing, and the Judgment itself indicates that Judge Gilbert took that evidence into

---

[2] "The Defendant has the capacity to disobey a court order which is valid and understand the criminality of his act. The Defendant has the capacity to form an intent to retaliate. The Defendant has the capacity to willfully threaten. The Defendant is not claiming any incapacity to form these intents, as a general matter, due to a limiting mental condition." (Doc. 84, Scott Rendelman's *pro se* response to the Government's motion in limine).

consideration. Mr. Rendelman argues that "Dr. Miller is not the evidence. Dr. Miller's <u>opinion</u> is the evidence, and Dr. Miller did not form his opinion until…sentencing" (Doc. 155) (emphasis in original). Given the documented attention that the Court gave to Mr. Rendelman's arguments on diminished capacity, this "distinction" is nonsense. Neither does this distinction constitute new evidence, much less new evidence that supports relief under Rule 33. Defendant's motion for a new trial (Doc. 155) is therefore **DENIED.** No hearing is warranted, so the motion for hearing (Doc. 156) is likewise **DENIED**. For copies of filings, Mr. Rendelman must request and submit payment to the Clerk of Court for the Southern District of Illinois. His request for two of his own filed documents is **DENIED.**

**IT IS SO ORDERED.**

DATED: January 13, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge